**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
_____
                                :
JOSE MIGUEL HILARIO,            :
                                :   Civil Action No. 13-1757(NLH)
          Plaintiff,            :
                                :
     v.                         :   OPINION
                                :
RUPPER, Correctional Officer,   :
et al.,                         :
                                :
          Defendants.           :
_____:
```

APPEARANCES:

Jose Miguel Hilario
FCI Berlin
P.O. Box 9000
Berlin, NJ  03570
     Plaintiff pro se

John Andrew Ruymann, Esq.
Office of the U.S. Attorney
402 East State Street
Trenton, NJ  08608
     Counsel for Defendants Rupper and Lopez


**HILLMAN**, District Judge

This matter is presently before the Court pursuant to the submission of Motions [23, 29] to Dismiss by Defendants Correctional Officer Rupper and PA Nurse Lopez, and a Motion [31] for Summary Judgment by Plaintiff Jose Miguel Hilario.

For the reasons state below, the Motions to Dismiss will be granted and the Motion for Summary Judgment will be denied.

## I. BACKGROUND

This matter was originally opened to the Court by Plaintiff's submission of a Complaint [1], pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971),[1] asserting violations of his constitutional rights.[2]

Plaintiff alleges that on February 8, 2012, while confined at the Federal Correctional Institution at Fort Dix, New Jersey, he fell while climbing down from his upper bunk. He states that he incurred "minor painful injuries on his body and his neck had some pain too. Plaintiff also had many knots on his body." (Complaint at 5.) Plaintiff alleges that he asked Correctional Officer Rupper for help, but she told Plaintiff, "Let me finish my work first!" (Complaint at 6.) Plaintiff states that another correctional officer then contacted PA Nurse Lopez. According to Plaintiff, PA Nurse Lopez talked with him about

---

[1] In <u>Bivens</u>, the Supreme Court held that a violation of the Fourth Amendment by a federal agent acting under color of his authority gives rise to a cause of action against that agent, individually, for damages. The Supreme Court has also implied damages remedies directly under the Eighth Amendment. <u>See</u> <u>Carlson v. Green</u>, 446 U.S. 14 (1980).

[2] In a separate Letter [17] to the Court, Plaintiff explicitly stated that he was proceeding against three individual federal employees pursuant to <u>Bivens</u>.

what had happened, then told Plaintiff that she would see him after her rounds.  A correctional officer took Plaintiff from his housing unit to the examination room, where PA Nurse Lopez examined Plaintiff and prepared a report of his injuries.  Plaintiff requested something for his pain and PA Nurse Lopez reportedly told Plaintiff that she would try to get some ice for him in his cell.  She then scheduled an appointment for an X-ray and sent Plaintiff back to his cell.  Plaintiff contends that he did not receive any ice.  Plaintiff states that he did not receive any pain medication until February 10, after he submitted an "Inmate Request" form.  Plaintiff was taken for an X-ray of his neck on February 10, but did not receive the results for two months, at which time Staff Nurse Elizabeth suggested a second X-ray, because the first was not clear.  Staff Nurse Elizabeth scheduled a second X-ray, which was taken, but Plaintiff has never been given the results.

    Plaintiff asserts that Defendants Correctional Officer Rupper, PA Nurse Lopez, and Staff Nurse Elizabeth have violated his civil rights, (Complaint at 6(c)), which this Court construes as an allegation that they have violated his Eighth Amendment right to adequate medical treatment.  He seeks compensatory and punitive damages.

    Defendants Lopez and Rupper have moved to dismiss on the grounds that Plaintiff has failed to state a claim under the

3

Eighth Amendment, as the facts alleged demonstrate neither a "serious medical need" nor "deliberate indifference" to Plaintiff's medical needs.  Plaintiff has not responded to the merits of the Motions to dismiss, but has opposed them, and moved for summary judgment, on the ground that the Motions were not filed timely.

This Court has considered the Motions and the various submissions of the parties and will decide the Motions on the briefs, pursuant to Federal Rule of Civil Procedure 78(b).

## II.   JURISDICTION

This Court exercises subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, in that the Complaint alleges federal civil rights claims under <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971).

## III.   DISMISSAL FOR FAILURE TO STATE A CLAIM

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a party to move to dismiss a claim in a civil action for "failure to state a claim upon which relief can be granted."  In addition, this Court must dismiss, at any time, certain prisoner actions that fail to state a claim.  <u>See</u> 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).  "The legal standard for

dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." Schreane v. Seana, 506 F. App'x 120, 122 (3d Cir. 2012) (citing Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000)); Mitchell v. Beard, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); Courteau v. United States, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citations omitted).

> While a complaint ... does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do ... . Factual allegations must be enough to raise a right to relief above the speculative level ... .

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted). That is, a complaint must assert "enough

5

facts to state a claim to relief that is plausible on its face." Id. at 570.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556).  Thus, a court is "not bound to accept as true a legal conclusion couched as a factual allegation," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. at 678 (citations omitted).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).

Where the deficiencies in a complaint can be remedied by amendment, a district court should not dismiss the complaint with prejudice, but should permit amendment.  See, e.g., Denton v. Hernandez, 504 U.S. 25, 34 (1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)), cited in Thomaston v. Meyer, 519 F.App'x 118, 120 n.2 (3d Cir. 2013); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C.

6

§ 1997e(c)(1)); <u>Urrutia v. Harrisburg County Police Dept.</u>, 91 F.3d 451, 453 (3d Cir. 1996).

### IV. <u>SUMMARY JUDGMENT</u>

A district court shall grant summary judgment, as to any claim or defense, "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed.R.Civ.P. 56(a).  Thus, summary judgment is appropriate where the Court is satisfied that "'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'"  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986) (citing Fed.R.Civ.P. 56).

### V. <u>DISCUSSION</u>

A. <u>Plaintiff's Motion for Summary Judgment</u>

Plaintiff seeks summary judgment, and opposes the pending Motions to dismiss, on the grounds that Defendants Lopez and Rupper did not file their Motions timely.

Defendant Rupper was served on October 25, 2013.  (Docket Entry No. 14.)  Pursuant to Rule 12(a)(3) of the Federal Rules of Civil Procedure, he was required to answer, move, or otherwise respond to the Complaint within 60 days thereafter, or by December 26, 2013.  <u>See</u> Fed.R.Civ.P. 6(a).  On December 16,

7

2013, Defendant Rupper applied pursuant to Local Civil Rule 6.1(b) for an extension of time to answer, move, or otherwise respond to the Complaint, which the Clerk granted, making Defendant Rupper's answer or motion to dismiss due on January 7, 2014. (Docket Entry No. 19; Clerk's Text Order of December 17, 2014.) Defendant Rupper timely filed his Motion to Dismiss on January 7, 2014.

Defendant Lopez was served on November 21, 2013. (Docket Entry No. 16.) She was required to answer, move, or otherwise respond within 60 days thereafter, or by January 21, 2014. See Fed.R.Civ.P. 6(a). On January 15, 2014, Defendant Lopez applied, pursuant to Local Civil Rule 6.1(b) for an extension of time to answer, move, or otherwise respond to the Complaint, which the Clerk granted, making Defendant Lopez's answer or motion to dismiss due on February 4, 2014. (Docket Entry No. 24; Clerk's Text Order of January 15, 2014.) Defendant Lopez timely filed her Motion to Dismiss on January 31, 2014.

Although Plaintiff did object to the requests for extension of time, by Local Civil Rule 6.1(b) such extensions are essentially automatic, and may be granted with or without notice to opposing parties. See Hairston v. Samuels, Civil No. 06-4894, 2008 WL 5117293, *2 n.2 (D.N.J. Dec. 4, 2008). Defendants Rupper and Lopez filed their Motions to Dismiss timely, and Plaintiff has failed to demonstrate that he is entitled to

8

summary judgment.  Accordingly, Plaintiff's Motion for Summary Judgment will be denied.

B.   The Defendants' Motions to Dismiss

Defendants Rupper and Lopez have moved to dismiss, for failure to state a claim, on the grounds that the facts alleged by Plaintiff demonstrate neither that he suffered from a serious medical need nor that they were deliberately indifferent to his medical needs.

The Eighth Amendment proscription against cruel and unusual punishment is violated when prison officials are deliberately indifferent to a prisoner's serious medical needs.  Estelle v. Gamble, 429 U.S. 97, 103-04 (1976).  To set forth a cognizable claim for a violation of his right to adequate medical care, an inmate must allege facts demonstrating: (1) a serious medical need; and (2) behavior on the part of prison officials that constitutes deliberate indifference to that need.  Id. at 106.

To satisfy the first prong of the Estelle inquiry, the inmate must demonstrate that his medical needs are serious. Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are serious.  Hudson v. McMillian, 503 U.S. 1, 9 (1992).  Serious medical needs include those that have been diagnosed by a physician as requiring treatment or that are so

9

obvious that a lay person would recognize the necessity for doctors attention, and those conditions which, if untreated, would result in lifelong handicap or permanent loss. Monmouth County Correctional Institutional Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987), cert. denied, 486 U.S. 1006 (1988), cited in Brown v. Rozum, 453 F.App'x 127, 128 (3d Cir. 2011).

    The second element of the Estelle test requires an inmate to show that prison officials acted with deliberate indifference to his serious medical need.  Deliberate indifference is more than mere malpractice or negligence; it is a state of mind equivalent to reckless disregard of a known risk of harm. Farmer v. Brennan, 511 U.S. 825, 837-38 (1994).  Furthermore, a prisoner's subjective dissatisfaction with his medical care does not in itself indicate deliberate indifference. Andrews v. Camden County, 95 F.Supp.2d 217, 228 (D.N.J. 2000); Peterson v. Davis, 551 F.Supp. 137, 145 (D. Md. 1982), aff'd, 729 F.2d 1453 (4th Cir. 1984).  Similarly, mere disagreements over medical judgment do not state Eighth Amendment claims. White v. Napoleon, 897 F.2d 103, 110 (3d Cir. 1990).  "Courts will 'disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment ... [which] remains a question of sound professional judgment.  Implicit in this deference to prison medical authorities is the assumption that such informed judgment has, in fact, been made.'" Inmates of

Allegheny County Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979) (internal quotation and citation omitted). Even if a doctor's judgment concerning the proper course of a prisoner's treatment ultimately is shown to be mistaken, at most what would be proved is medical malpractice and not an Eighth Amendment violation. Estelle, 429 U.S. at 105-06; White, 897 F.2d at 110.

"Where prison authorities deny reasonable requests for medical treatment, ... and such denial exposes the inmate to undue suffering or the threat of tangible residual injury, deliberate indifference is manifest. Similarly, where 'knowledge of the need for medical care [is accompanied by the] ... intentional refusal to provide that care,' the deliberate indifference standard has been met." Monmouth County Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 346-47 (3d Cir. 1987), cert. denied, 486 U.S. 1006 (1988) (citations omitted).

Here, Plaintiff himself has described his injuries as "minor" knots. (Complaint at 5.) Although he alludes to some pain in his neck, his vague reference is not sufficient to raise his right to relief "above the speculative level." See Bell Atlantic Corp. v. Twombly, 550 U.S. at 555. Plaintiff does not describe the pain as severe or prolonged, nor does he allege any continuing problems. Plaintiff has failed to allege facts demonstrating a "serious medical need." Cf. Tsakonas v. Cicchi, 308 F.App'x 628, 632 (3d Cir. 2009) ("In order to be considered

11

'serious,' '[t]he detainee's condition must be such that a failure to treat can be expected to lead to substantial and unnecessary suffering, injury, or death." (citation omitted)); Makenson v. Luzerne County Correctional Facility, Civil No. 13-2204, 2014 WL 3829894, *4 (M.D. Pa. July 31, 2014) (holding that multiple bruises do not constitute a serious medical need); Stroud v. Boorstein, Civil No. 10-3355, 2014 WL 2115499, *9 (E.D. Pa. May 20, 2014) (noting that mild discomfort resulting from bruises and bleeding is not generally considered a serious medical need) (collecting cases).

In addition, Plaintiff has failed to allege facts demonstrating that either Defendant Rupper or Lopez was "deliberately indifferent" to his needs.  The only allegation against Defendant Rupper is that she told Plaintiff to wait for her help until she finished what she was doing.  In light of Plaintiff's own description of his injuries as "minor," and in the absence of any allegations suggesting that Defendant Rupper should have known that his needs were acutely serious, the suggestion that he should wait a few minutes does not constitute deliberate indifference.  The allegations regarding PA Nurse Lopez are that she questioned Plaintiff about his injuries and determined that examination could wait until she had completed her rounds, that she then examined him and scheduled X-rays, and that she told him she would try to get him some ice in his cell,

12

which never arrived. The fact that ice did not arrive to alleviate Plaintiff's discomfort from his minor knots does not demonstrate deliberate indifference to serious medical needs. Cf., Cooper v. Casey, 97 F.3d 914, 916 (7th Cir. 1996) ("A prison's medical staff that refuses to dispense bromides for the sniffles or minor aches and pains or a tiny scratch or a mild headache or minor fatigue--the sorts of ailments for which many people who are not in prison do not seek medical attention--does not by its refusal violate the Constitution."), quoted in Whitehead v. Rozum, Civil No. 09-2201, 2010 WL 3885651, *4 (W.D. Pa. Aug. 31, 2010), report and recommendation adopted, 2010 WL 3843749 (W.D. Pa. Sept. 28, 2010).[3]

C.   Claim Against Staff Nurse Elizabeth

Although Nurse Elizabeth has not been served and has not moved to dismiss, this Court is obliged to review the adequacy of such prisoner claims, "on its own motion," 42 U.S.C. § 1997e(c)(1), "as soon as practicable," 28 U.S.C. § 1915A(a).

Here, the only allegations regarding Nurse Elizabeth are that she gave Plaintiff the results of his first set of X-rays

---

[3] It is not clear whether Plaintiff seeks to attribute to PA Nurse Lopez the failure to receive pain medication for more than a day. If so, that allegation fails to state a claim for the same reasons as Plaintiff's other allegations; that is, he has failed to allege a serious medical need and the failure to dispense pain medication for minor bumps and bruises does not constitute deliberate indifference to a serious medical need.

13

and recommended a second set, which she scheduled, and which were taken.  Although Plaintiff asserts that he has not been given the results of the second set of X-rays, the simple failure to provide the results of the X-rays cannot be said to demonstrate deliberate indifference to a serious medical need, especially where, as here, Plaintiff does not allege that he has requested and been refused those records and he does not allege that he alerted Nurse Elizabeth to any continuing symptoms suggesting an injury to his neck.  Cf. Norris v. Lynch, Civil No. 07-0907, 2009 WL 745360, *7 n.5 (M.D. Pa. March 18, 2009) (holding that physician's negligent failure to review medical records does not rise to the level of "deliberate indifference" without evidence of some more culpable state of mind).

## VI.   CONCLUSION

For the reasons set forth above, Plaintiff's Motion for summary judgment will be denied and the Motions to dismiss of Defendants Rupper and Lopez will be granted.  All claims against Defendant Nurse Elizabeth will also be dismissed.  However, because it is conceivable that Plaintiff may be able to supplement his pleading with facts sufficient to state an Eighth Amendment claim, the Court will grant Plaintiff leave to file an

application to re-open accompanied by a proposed amended complaint.[4]

An appropriate order follows.


At Camden, New Jersey                s/ Noel L. Hillman
                                     Noel L. Hillman
                                     United States District Judge

Dated: September 19, 2014

---

[4] Plaintiff should note that when an amended complaint is filed, it supersedes the original and renders it of no legal effect, unless the amended complaint specifically refers to or adopts the earlier pleading. See West Run Student Housing Associates, LLC v. Huntington National Bank, 712 F.3d 165, 171 (3d Cir. 2013) (collecting cases). See also 6 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1476 (3d ed. 2008). To avoid confusion, the safer practice is to submit an amended complaint that is complete in itself. Id.

15